UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL ANN PRZYBYLSKI,

    Plaintiff,                                  Civil Action No. 14-CV-14838

vs.                                              HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on cross motions for summary judgment [docket entries 22 and 23]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion and deny defendant's motion.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's denial of her application for Social Security disability insurance benefits. Plaintiff waived her right to an administrative hearing (Tr. 48). An Administrative Law Judge ("ALJ") issued a decision denying benefits in July 2013 (Tr. 19-30). This became defendant's final decision in October 2014 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination, the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial

evidence, defendant's decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of the ALJ's decision, plaintiff was 46 years old. She has a college education and work experience as a physical therapist (Tr. 74, 125). Plaintiff claims she has been disabled since March 2012 (Tr. 60) due to lupus, nephritis/renal dysfunction, edema, anemia, immunocompromise, blurred vision, hematuria, proteinuria, fatigue, pain, swelling, thyroid dysfunction, heart palpitations/chest discomfort, shingles, post-herpetic neuralgia, thrush, and hypertension (Tr. 73, 99). Plaintiff's claimed disability onset date corresponds with her seven-day hospitalization during which she was diagnosed with severe lupus and nephritis (Tr. 161).

The ALJ found that plaintiff's severe impairments are "systemic lupus erythematous, lupus nephritis and hypertension" (Tr. 24). The ALJ found that despite these impairments plaintiff has the residual functional capacity ("RFC") to perform light-level work with various restrictions (Tr. 25).[1] A vocational expert ("VE") indicated in response to interrogatories that a person of plaintiff's age, education, and work experience, and who has this RFC, would be able to work as a

---

[1] Specifically, the ALJ found that plaintiff has the RFC

> to perform light work . . . except she could occasionally climb ramps, stairs, ladders, ropes and scaffolds. She could occasionally kneel, crouch and crawl. She has 20/20 vision but occasionally has episodes of periorbital edemas so she should not perform work activities requiring commercial driving. She should avoid concentrated exposure to extreme cold, and wetness, vibrations, hazardous machinery and heights. This individual would be limited to simple routine tasks.

(Tr. 25.)

furniture rental consultant, a sales attendant, or "cashier II" (Tr. 121-23).  Based on this evidence, the ALJ concluded that plaintiff is not disabled within the meaning of the statute (Tr. 29).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because the ALJ's RFC evaluation of plaintiff and her hypothetical question to the VE are flawed.  Because the hypothetical question failed to describe plaintiff in all relevant respects, the VE's evidence cannot be used to carry defendant's burden of proving the existence of a significant number of jobs plaintiff is capable of performing.  The ALJ also improperly relied on the opinions of non-examining consulting physicians who did not review the entire medical record.

The primary flaw in the RFC evaluation and the hypothetical question is that neither included any findings regarding the side effects of plaintiff's medications.  Plaintiff has been prescribed a large number of medications for her various ailments including, among others, CellCept (mycophenolate mofetil), Cytoxan, Lisinopril, Lopressor, Lotemax, Prednisone, Progesterone, Provera, Restasis, Vicodin, Zantac, Myfortic, Plaquenil, Zoloft, Toprol XL, and Lasix (Tr. 76, 103, 127, 159, 175).  Many of these medications have common side effects, including confusion, dizziness, drowsiness, lightheadedness, tiredness, weakness, and blurred vision.  *See* http://www.drugs.com/sfx/[drug name]-side-effects.html.  Plaintiff has indicated repeatedly that she experiences medication effects (Tr. 78, 84, 90, 96, 101, 103).

The Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which symptoms impair a claimant's capacity to work.  *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)).  Further, hypothetical

questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). These rules were disregarded in this case. From her written decision, it is not apparent that the ALJ was even aware that plaintiff was prescribed the many medications noted above or that plaintiff has reported she experiences various medication side effects. On remand, the ALJ must (1) determine which medications plaintiff was taking during the relevant time period, (2) make findings as to the nature and extent of these medications' side effects, if any, and adjust her findings as appropriate regarding plaintiff's RFC, and (3) incorporate these findings in proper hypothetical question(s) to the VE to determine whether work exists in significant numbers that can be performed by a person such as plaintiff who experiences such side effects.

If, on remand, the ALJ intends to rely on the non-examining medical consultants (as she did previously in giving "great weight" to the opinions of Drs. Blum and Coleman, *see* Tr. 27), she must solicit from them revised opinions that reflect their awareness of the medications plaintiff has been prescribed and of the side effects she alleges. Neither of these physicians' reports (Tr. 34-42 [Blum], 273-77 [Coleman]) demonstrate any such awareness and neither expresses an opinion as to whether plaintiff experiences medication side effects or the extent to which, if any, they may affect plaintiff's ability to work. If she solicits revised opinions from these physicians, the ALJ must ensure they review the entire medical record. Dr. Coleman indicated he reviewed records only through October 23, 2012 (Tr. 276), while Dr. Blum apparently reviewed records only through early December 2012 (Tr. 35-36). Significant records post-dating these reports are part of this file, including notations from two of plaintiff's treating physicians, Drs. Kahlenberg and Greenwell, to the effect that plaintiff is unable to work due to fatigue, blurred vision, and other symptoms (Tr. 270-

71, 304, 306). No reasonable fact-finder would place "great weight" on the opinions of consulting physicians who have not reviewed all of the claimant's medical records.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to correct the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for remand is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).

Dated: November 23, 2015  
Detroit, Michigan

S/ Bernard A. Friedman\_\_  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE